**Marguerite NARDINI, Appellant,**

v.

**James B. GILBERT, Appellee.**

**No. 7695.**

United States Court of Appeals
Fourth Circuit.

Argued Oct. 17, 1958.

Decided Oct. 21, 1958.

George A. Fath, Alexandria, Va., for appellant.

James H. Simmonds, Arlington, Va., for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BARKSDALE, District Judge.

## PER CURIAM.

This appeal is from the District Judge's direction of a verdict for the defendant in a malpractice case brought by the plaintiff against a surgeon.

The plaintiff was suffering from a painful and swollen knee, and after consulting the defendant and undergoing certain treatments which proved ineffective, she entered the hospital for surgery by the defendant. The doctor had made a tentative diagnosis of the ailment as a torn medial meniscus, but testified that he was desirous of performing an exploratory operation to examine the inner knee and both medial and lateral menisci. The operation was performed by entry from the lateral, instead of the medial, side of the knee. The anterior portion of the medial meniscus was removed in the course of the operation, and upon examination it was found there was a tear in the removed portion. For a time after the operation the plaintiff suffered from what appeared to be an infection, and now has some restricted motion in the knee.

Surgeons called by the plaintiff testified that the customary approach in operating for a torn medial meniscus would be from the medial side and that they would not have operated from the lateral side. While it is clear that his approach to the medial meniscus, if it were known with definiteness that the fault lay there, was not the usual approach, the surgeon was, nevertheless, able to remove the torn portion of the medial meniscus, and none of the experts was prepared to say that his procedure was improper or that it was negligent of him not to remove the rest of the meniscus. The procedure was not of a character that a layman could judge to be negligent in the absence of expert testimony.

As the District Judge said,

"  *  *  *  The evidence in this case did not in any phase of it show that the defendant doctor had failed to exercise that decree of care or skill that is exercised, or possessed by physicians or surgeons in the same line of speciality of the defendant and practicing in his community. None of the testimony, either lay or expert for the plaintiff, said that the method of procedure, either in technique or in knowledge adopted and followed by the defendant was deficient in any respect. No doctor or no surgeon, no expert testified that he had proceeded negligently and none of them even went so far as to say that it was not proper in every respect. The most they

said was that they may not have proceeded that way. They may not have followed that approach, but none of them condemned it and none of them would say that it showed a lack of expertise. * * * "

Affirmed.